UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lawrence H. Thompson,   Civil No. 06-4572 (PAM/JSM)

      Petitioner,

v.   **MEMORANDUM AND ORDER**

United States of America,

      Respondent.
_____

This matter is before the Court on Respondent's Motion to Dismiss. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

Petitioner commenced this action to quash forty administrative summonses issued by the Internal Revenue Service (IRS). He contends that the IRS violated several federal laws when it issued the summonses without first providing him a reasonable opportunity to provide the IRS with information. The IRS formally withdrew the summonses on January 12, 2007.

**DISCUSSION**

Relying on Federal Rule of Civil Procedure 12(b)(1), Respondent seeks to dismiss the action, arguing that the Court lacks subject matter jurisdiction because the action is moot.[1]

---

[1] When examining whether a complaint is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court may rely on matters outside the pleadings without converting the motion to one for summary judgment. See Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (citation omitted).

Federal courts may adjudicate only actual, ongoing cases or controversies. Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994). Thus, the Court lacks power to decide moot cases, and generally must dismiss an action as moot if there is no definite and concrete controversy for the Court to resolve. Id. However, the Court may decide an otherwise moot case under the "capable of repetition, yet evading review" exception. That exception applies when the duration of the challenged action is too short to be fully litigated before its end, and there is a reasonable expectation that the same complaining party will be subject to the same action again. In re Matter of Operation of the Mo. River Sys. Litig., 421 F.3d 618, 631 (8th Cir. 2005) (citation omitted).

Because the IRS formally withdrew the summonses, this action is moot. See Dame v. United States, 643 F. Supp. 533, 534 (S.D.N.Y. 1986) (motion to quash denied as moot after summons were withdrawn); Kearns v. United States, 580 F. Supp. 8, 10 (S.D. Ohio 1983) (no case or controversy to adjudicate because the government withdrew summons); Dollar v. United States, Civil No. 84-978M, 1985 WL 6009, at *1 (W.D. Wash. Mar. 5, 1985) (petition was moot because summons was withdrawn); see also In re Grand Jury Proceedings, 574 F.2d 445, 446 (8th Cir. 1978) (challenges to contempt order moot when government withdrew subpoena).

Petitioner argues that the action is not moot for two reasons. First, he argues that there is a reasonable expectation that the IRS will reserve the summonses. Although the letters withdrawing the summonses state that the IRS plans to re-serve the summonses, there is no indication that the IRS will fail to comply with the notice provisions again. Indeed, the

letters expressly note that withdrawal is necessary because the IRS failed to comply with notice procedures. This contravenes a finding that the IRS will commit the same violations again. See In re Matter of Operation of the Mo. River Sys. Litig., 421 F.3d at 631-32 (to raise a reasonable expectation, a party must show a demonstrated probability of recurrence—a speculative possibility of recurrence is insufficient).

Petitioner also argues this action should proceed to determine his entitlement to costs under 26 U.S.C. § 7430.[2] This argument fails for two reasons. First, a potential right to attorneys' fees alone is insufficient to keep a case or controversy alive. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990); Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 803 n.5 (8th Cir. 2006). Second, Petitioner cannot be a "prevailing party" as defined by § 7430. To be considered the "prevailing party," a petitioner must establish that the position of the respondent was not "substantially justified." 26 U.S.C. § 7430(c)(4). Because the IRS withdrew the summonses before it filed an answer, Petitioner cannot show that its conduct was unreasonable or unjustified. See Donlon I Dev. Corp. v. United States, 830 F. Supp. 1315, 1318-19 (C.D. Cal. 1993) (attorneys' fees award under § 7430 precluded when the government withdraws its summons before filing an answer because its conduct is "substantially justified"); Pac. Fisheries, Inc. v. United States, Civil No. 04-1147P, 2004 WL 2284390, at *2 (W.D. Wash. Sept. 3, 2004) (same). Thus, Petitioner cannot recover attorneys' fees and costs in this action.

---

[2] In his memorandum in opposition to the Motion to Dismiss, Petitioner asserts that he filed a separate motion asking the Court to transfer this matter to the United States District Court for the Northern District of Texas. No motion was ever filed.

**CONCLUSION**

Because the IRS formally withdrew the summonses that were the basis for this action, no actual case or controversy now exists. Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent's Motion to Dismiss (Docket No. 2) is **GRANTED**; and

2. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 12, 2007

                                             s/ Paul A. Magnuson
                                             Paul A. Magnuson
                                             United States District Court Judge